SAMUEL B. THOMPSON, APPELLANT, v. CENTRAL RAIL-
ROAD COMPANY OF NEW JERSEY, RESPONDENT.

Argued October 24, 1927—Decided February 6, 1928.

For the appellant, *Earl A. Merrill.*

For the respondent, *William A. Barkalow.*

The opinion of the court was delivered by

WHITE, J.    This is an appeal from a judgment upon a
verdict directed for the defendant.   We think a jury question
was involved.   The facts which the evidence would have jus-
tified the jury in finding were as follows:   The defendant
railroad company maintained as a part of its railroad for the
use of the traveling public a station or depot for passengers

at Fanwood, for the convenience of its passengers maintained, through a lessee, the Union News Company, a newsstand in such station where patrons of the railroad and others might purchase newspapers. The plaintiff lived at Fanwood and had commuted as a passenger from that station over defendant's railroad for more than twenty years, and during all that time had been in the habit of purchasing his newspaper at the newsstand above mentioned. On the morning of the accident the plaintiff had no intention of riding on defendant's railroad, but in accordance with his custom of getting his newspaper at the station newsstand, he walked from his home in Fanwood to the station for the purpose only of getting his newspaper. He entered the station from the street door, and having gotten his newspaper walked out of an open door from the waiting-room to a platform (adjacent to the train platform) which extended around two sides of the station to the street upon which he lived, in order to join a friend who had accompanied him to the station, but had walked around the station on the platform instead of going through it. There was one step down from the waiting--room at the station doorway to the platform, and as plaintiff took this step down, or almost immediately thereafter he struck his forehead on the edge of a painter's scaffold board, each end of which rested upon an inverted "V" ladder. This board, which crossed in front of the doorway, presented towards the plaintiff only its two-inch edge and was at a height to be just about the level of plaintiff's forehead and above his line of sight if he were looking where he was stepping, and particularly if he were looking where to step as he took the step down from the station doorway to the level of the platform. The supporting ladders, one at each end of the board, were, as the jury might have found from the evidence, not in front of the open door, but one on either side of it, so as not necessarily to be in plaintiff's line of sight, if, as in duty bound, he was looking where he was going. There was conflicting evidence as to the position of the scaffold, but taking this evidence most favorably for the plaintiff, as we are bound to do where a verdict has been directed for the defendant, we think the jury would have been justified in finding the facts as above

outlined. This painter's scaffold had been placed where it was by defendant's employes, who were engaged in painting the station, but they were not actually working on the scaffold or on that part of the station at the moment that plaintiff walked against the scaffold, and there was nothing except the scaffold itself, consisting as above described, to warn persons coming out of the station doorway to the platform, of the obstruction.

The action is for the damage suffered by the plaintiff as a result of his head coming into contact with the scaffold board, which he claims was negligently left in such a place and position as to be a menace to the safety of persons lawfully and properly using the station and the platform.

The learned trial judge thought, and we agree with him, that the plaintiff was an invitee of the defendant railroad company when he went to the station for his newspaper, and also when he went through the open doorway which was provided for the use of persons properly using the station as invitees to pass in and out in coming from or going to the public highways upon which they had occasion to travel. *Webb* v. *West Jersey and Seashore Railroad Co.*, 100 *N. J. L.* 204.

But the learned trial judge also thought that the position of the scaffold as established by the evidence was such that the plaintiff would have been sure to see it if he had been looking where he was going. We think this would be so if the position of the board had beyond question been established as in plaintiff's proper line of observation instead of (as a jury might have found) above it, as he walked down this step and out on the platform, and also if the full twelve-inch width, instead of the two-inch thickness of the board had been presented towards the plaintiff's general field of vision, so that he must have observed anything so located and so large and conspicuous if he had been making such observation as a reasonably careful pedestrian would have made in order to guard his own safety. The question here involved is not what such a pedestrian *could* have seen but what he *should* have seen. One *can,* if he looks with sufficient concentration, see a piano wire stretched across his path, but

under most circumstances it would be ridiculous to say that it would be negligence on his part to walk into such a piano wire without seeing it.

We think under the circumstances here involved it was for a jury to find just what the facts were, and whether, as so found, they do or do not establish that the defendant's servants were negligent to plaintiff's injury, and, if so, whether or not the plaintiff was himself also negligent in a way so contributing to the cause of his injury as to deprive him of his right to recover, because, but for such contributing negligence, he would not have suffered the damage.

The judgment is therefore reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.